UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-00346-SSS-DTBx | Date | April 24, 2025 |
|---|---|---|---|
| Title | *Shaunna Winn v. Staples the Office Superstore, LLC et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITHOUT PREJUDICE [DKT. 12]**

  Before the Court is a Motion to Remand Case filed by Plaintiff Shaunna Winn. [Dkt. 12]. In its Opposition, Defendant Staples the Office Superstore, LLC ("Staples") states Winn failed to meet and confer in good faith with Staples. [Dkt. 15 at 7–8]. Winn, in turn, asserts Staples abandoned the meet and confer process. [Dkt. 18 at 2]. Both parties agree the attempted meet and confer occurred solely over email. [Dkt. 15 at 8; Dkt. 18 at 2].

  Local Rule 7-3 requires "counsel contemplating filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." This Court's Civil Standing Order further requires counsel to "discuss the issues sufficiently" and determine "if a motion is still necessary." [Dkt. 9 at 11]. "The parties are further advised that email correspondence alone is insufficient to satisfy this requirement." [*Id*. at 12]. In addition, the moving party's counsel is required to include in the notice of motion: "(1) the names of the counselor's present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed,

and (6) what issues the parties were unable to resolve." [*Id*.].

Here, the email only correspondence, lack of required information in the notice of motion, and general allegations of bad faith cause the Court to **DENY** the Motion to Remand **WITHOUT PREJUDICE**. [Dkt. 12]. Should Winn seek to file a renewed motion to remand, the Court **ORDERS** parties to meet and confer in good faith pursuant to Local Rule 7-3 and this Court's Civil Standing Order prior to filing.

**IT IS SO ORDERED.**